**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOUSSA DIAW | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  26-761 |
| | : | |
| JAMAL L. JAMISON, MICHAEL T. | : | |
| ROSE | : | |

## ORDER

**AND NOW**, this 17th day of February 2026, upon considering the petitioner's petition

for writ of *habeas corpus* (DI 1), and the government's response (DI 4), it is hereby **ORDERED**

that:

1.      Pending consideration of the petition, the government **SHALL NOT**

**TRANSFER** the petitioner out of the Eastern District of Pennsylvania.  *See Kuprashvili v.*

*Flanagan*, No. 25 Civ. 5268, 2025 WL 2382059, at *1 (S.D.N.Y. June 30, 2025) (collecting

cases staying removal to preserve the status quo).

2.      The government shall provide supplemental briefing and contextual evidence

where available on the following topics no later than **Tuesday, February 24, 2026**:[1]

>       a.   When did Immigration and Customs Enforcement (ICE) decide to revoke
>
>            Petitioner's Order of Supervision (OSUP)?
>
>       b.   Which individual(s) from ICE issued the revocation?  It appears from
>
>            petitioner's Notice of Revocation of Release that Acting Field Office Director
>
>            Michael Rose made this decision.  *See* DI 4-3 at 3 (ECF).  Did Mr. Rose
>
>            receive approval for this decision from the Executive Associate Director of

---

[1] If the government's position is that the question is irrelevant, the government should
both provide the answer and brief why it is irrelevant.  If an answer is not available, then the
government should explain why it is not available.

ICE?  If not, then please explain the basis for Mr. Rose's authority to issue this revocation.  If the government maintains that Mr. Rose is the functional equivalent of a district director as outlined in 8 C.F.R. § 241.4(l)(2), then please submit evidence that Mr. Rose made the required findings that revocation was in the public interest and circumstances did not reasonably permit referral of the case to the Executive Associate Director.

c.  Please explain the process ICE undertook in detaining petitioner on February 5, 2026.

d.  When and how did ICE notify petitioner that his OSUP was revoked?  *See* 8 C.F.R. § 241.4(l)(1).[2]

e.  Explain in whatever detail is available the process petitioner was afforded during his informal interview on February 9, 2026.  *See* DI 4 at 15 (ECF).

f.  Explain the status of petitioner's wife's I-130 *Petition for Alien Relative* and the effect, if any, that petition could have on petitioner's detainment.  *See* DI 1 at ¶ 16.

3.  Petitioner shall file a declaration by **Tuesday, February 24, 2026** that explains from his perspective what transpired when he arrived at ICE headquarters for his check-in appointment on February 5, 2026 and was subsequently detained.  For example, we would like to know: when petitioner learned his OSUP was revoked; who informed him of this; and what reasons (orally and/or in writing) were provided to petitioner.

---

[2] We understand petitioner was served with the Notice of Revocation on February 5, 2026, but cannot tell whether petitioner read and understood the document as he refused to sign it.  *See* DI 4-3 at 4 (ECF).

2

Please also include a recounting of the informal interview that took place on February 9, 2026.

4. Both government and petitioner may file responsive briefs no later than **February 27, 2026.**

_____
**MURPHY, J.**